IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**PERRY LEWIS TURNER, SR.**                                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:04CV213-P-A**

**TUNICA COUNTY, MISSISSIPPI**
**and JAMES DUNN, in his individual**
**capacity**                                                                   **DEFENDANTS**

## **MEMORANDUM OPINION**

This cause is before the Court on defendant Dunn's Motion for Summary Judgment [13]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

Perry Turner began working as Tunica County's solid waste manager in March, 2000. A year later Turner transferred to a position as Tunica County's Director of Housing. His responsibilities included advertising the availability of applications to the citizenry, receiving applications and determining those eligible to participate in the County's homeowner's rehabilitation program.[1]

Turner was one of four candidates for District One Supervisor in the August 5, 2003 democratic primary election. Of the 534 votes cast, Turner received 113 votes. Dunn received 271 votes; Dunn was declared the winner without a run-off. Shortly after the election, Turner wrote to the District Attorney to complain about what he perceived to be unlawful activities in

---

[1] Under the rehabilitation program, the County appropriated $500,000 for home repairs for qualified homeowners. The housing department had only two employees: Turner and Masheilia Holland, the Assistant Director of Housing.

conjunction with the election.[2]

Pursuant to a 1998 contract between the County and North Delta Regional Housing Authority (hereafter NDRHA), NDRHA implemented, administered and managed the Tunica County homeowner's rehabilitation program from its inception. On June 7, 2004, the County approved a supplemental agreement charging NDRHA with the operation of Tunica County's housing program. The agreement provided for NDRHA to assume the duties and responsibilities formerly performed by Turner.

Turner responded by filing the instant lawsuit against Dunn and Tunica County. He seeks redress based on 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. In addition to his federal claims, Turner's Complaint also seeks recovery under state law for malicious interference with employment relations.

STANDARD OF REVIEW

Rule 56©) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. Of T. for State C. & U., 757 F.2d 698, 712 (5th Cir. 1985).

---

[2] The letter enumerated various retaliative efforts Dunn directed toward Turner after Turner announced his candidacy for the District One Supervisor position. Turner's letter also suggested that Dunn used his political authority to influence voters in his favor by having certain of the roads in the district paved just prior to the election. In addition, Turner's letter outlined numerous alleged irregularities pertaining to the election and the subsequent tally of votes.

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. Phillips Oil Company, v. OKC Corporation, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. Union Planters Nat. Leasing v. Woods, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by

informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Topalian, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." John, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. Id. at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. See also Union Planters Nat. Leasing v. Woods, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (Topalian, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." John, 757 F.2d at 712, quoting Keiser v. Coliseum Properties, Inc., 614

4

F.2d 406, 410 (5th Cir. 1980).

ANALYSIS

I.  Constitutional Claims

Turner alleges that Dunn is individually liable for having violated the First Amendment because Dunn caused Turner to lose his position because of Turner's exercise of First Amendment rights in running for election against Dunn and by protesting Dunn's activities with regard to the election and the effect of improper considerations on the distribution of housing funds. Turner alleges a violation of his Fourteenth Amendment property right to a fair and impartial election due to Dunn's intimidation of voters, the participation of ineligible voters and his use of bribery schemes to obtain votes in the August 5, 2003 primary. The Court will address each of these claims in turn.

A.  First Amendment

Dunn urges that Turner's First Amendment claim against him is not legally cognizable. Under Mississippi law, the entire Tunica County Board of Supervisors had to vote to approve the June 7, 2004 supplemental agreement transferring plaintiff's job duties to NDRHA. Defendant Dunn possessed no authority to fire Turner on his own. A county supervisor incurs no individual § 1983 liability for a decision that must be made by a county board of supervisors, as an entity. Gentry v. Lowndes County, 337 F.3d 481, 484 n. 3 (5th Cir. 2003); George v. Shelton, 1999 WL 33537122 (N.D. Miss. Mar. 18, 1999). Based on the facts and the controlling law, the Court concludes that the defendant is entitled to judgment as a matter of law with regard to Turner's First Amendment claim.

B.  Fourteenth Amendment

5

Dunn contends that he is entitled to summary judgment on Turner's Fourteenth Amendment claim on two bases. First, he urges that the undisputed facts fail to establish the state action necessary to support a claim under § 1983. As a second matter, Dunn urges the Court to find that the doctrine of qualified immunity shields him from liability under the circumstances presented. After a thorough consideration of both arguments, the Court concludes that a reasonable trier of fact could conclude that defendant Dunn acted under color of state law by abusing his authority as a county supervisor to further his personal political agenda. The Court likewise concludes that there is a genuine issue of material fact as to the objective reasonableness of Dunn's actions. As a result, summary judgment based on qualified immunity is inappropriate. The defendant's motion is not well-taken and should be denied with regard to Turner's Fourteenth Amendment claim against Dunn in his individual capacity.

II. State Law Claim

Dunn also seeks summary judgment on Turner's state law claim for malicious interference with employment relations. After a review of the applicable law, the Court is of the considered opinion that genuine issues of material fact exist which preclude summary judgment on plaintiff's state law claim against Turner.

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that defendant Dunn's Motion for Summary Judgment should be granted in part and denied in part. An order will issue accordingly.

This, the 22nd day of November, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE